**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| Paul Martinka,<br>70 Dahill Road, Suite 3H,<br>Brooklyn, New York 11218<br><br>                    Plaintiff,<br><br>            v.<br><br>HarrisX LLC,<br>1808 I Street NW, Floor 5,<br>Washington, DC 20006<br><br>                    Defendant. | )<br>)<br>)<br>)<br>)    Case No:<br>)<br>)<br>)    JURY TRIAL DEMAND<br>)<br>)<br>)<br>) |

**COMPLAINT**

Plaintiff Paul Martinka ("*Plaintiff*"), by and through his undersigned counsel, for his Complaint against defendant HarrisX LLC ("*Defendant*") states and alleges as follows:

**INTRODUCTION**

1.      This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C. §101 *et seq*. and for violation of the Digital Millennium Copyright Act ("*DMCA*"), 17 U.S.C. §1202(b).

2.      Plaintiff is an award-winning professional photographer and photojournalist based in New York City. For more than three decades, Plaintiff has earned his livelihood through the creation, publication, licensing, and distribution of original photographic works depicting breaking news, public figures, celebrities, sports, and matters of public interest.

3.      Plaintiff is a highly accomplished photojournalist whose work has been featured in nationally and internationally recognized publications, including Rolling Stone, People, Vanity Fair, Elle, Time, and Der Spiegel, among others. His photography has also appeared in numerous television programs and broadcasts, including TMZ, Entertainment Tonight, 20/20, 60 Minutes, Inside Edition, and ABC News.

1

4.    Throughout his more than thirty-year career, Plaintiff has photographed major news events, sports competitions, celebrities, corporate events, and other significant public happenings. His work has been widely published and distributed through leading media organizations and photographic licensing agencies throughout the United States and internationally.

5.    Plaintiff has received professional recognition for his work as a photojournalist and has built a distinguished career through his talent, dedication, and longstanding commitment to documenting newsworthy events and public figures. His extensive portfolio reflects decades of professional experience and achievement within the photography industry.

6.    Since approximately 2001, Plaintiff has been a regular contributor to prominent media organizations and photographic licensing agencies, including the New York Post, Splash News, Polaris Images, and Corbis Images, through which his photographic works have been published, distributed, and licensed to third parties worldwide.

7.    Plaintiff has devoted substantial time, skill, effort, creativity, and expense to creating a valuable portfolio of original photographic works. His photographs constitute valuable intellectual-property assets that are routinely licensed for authorized editorial, news, entertainment, and commercial uses.

8.    As a result of his talent, experience, publication history, professional accomplishments, and industry recognition, Plaintiff has established valuable goodwill and a strong professional reputation in the photography industry and derives income from the licensing and authorized use of his copyrighted photographic works.

9.    Plaintiff created a photograph of the current Mayor of New York City while speaking at a campaign event in connection with his New York City mayoral campaign (the "*Photograph*") which Plaintiff owns the rights and licenses for various uses including online and print publications.

10.    Defendant is, upon information and belief, a limited liability company engaged in the business of market research, public-opinion polling, data analytics, strategy consulting, and business-intelligence services. Defendant provides research, polling, analytics, and advisory

2

services to commercial enterprises, media organizations, public institutions, and other organizations throughout the United States and internationally.

11.    Upon information and belief, Defendant conducts business through the website www.harrisx.com (the "*Website*"), which serves as the primary online platform through which Defendant promotes, markets, and provides information regarding its research, polling, data analytics, consulting, and related services.

12.    Upon information and belief, Defendant owns, operates, manages, maintains, and/or controls the Website and uses the Website to advertise its services, publish research findings, distribute marketing materials, showcase industry insights, promote polling and analytics products, and attract prospective clients and business opportunities.

13.    Upon information and belief, the Website forms an integral part of Defendant's commercial enterprise and serves as a vehicle through which Defendant promotes its brand, enhances public visibility, strengthens client relationships, generates leads, and derives commercial value.

14.    Upon information and belief, Defendant publishes and distributes articles, reports, polling data, survey results, photographs, graphics, marketing materials, news content, and other materials on the Website for the purpose of promoting its business operations and advancing its commercial interests.

15.    Upon information and belief, Defendant exercises editorial, managerial, operational, and financial control over the content appearing on the Website, including the creation, acquisition, selection, editing, publication, reproduction, display, distribution, and removal of content appearing thereon.

16.    Upon information and belief, Defendant maintained the right and ability to supervise, review, approve, modify, remove, and otherwise control content appearing on the Website and was responsible for the acts of its employees, officers, agents, contractors, researchers, editors, marketing personnel, and other representatives acting within the course and scope of their authority.

17.     At all relevant times, content published, displayed, reproduced, distributed, and otherwise made available on the Website was subject to Defendant's direction and control, including the infringing content alleged herein.

18.     Upon information and belief, Defendant used the Website in furtherance of its commercial enterprise and derived financial and promotional benefits from the content displayed thereon, including through increased customer engagement, enhanced brand recognition, lead generation, client acquisition, and the promotion of Defendant's services and research products.

19.     Defendant, without authorization, reproduced and publicly displayed the Photograph in connection with its commercial activities and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

20.     Plaintiff is an individual who is a citizen of the State of New York and maintains a principal place of business in Kings County, New York.

21.     Defendant is a Delaware limited liability company with a principal place of business at 1808 I Street NW, Floor 5, Washington, DC 20006.

## JURISDICTION AND VENUE

22.     This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

23.     This Court has personal jurisdiction over Defendant because it maintains its principal place of business in District of Columbia.

24.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)(2) and 1400(a) because Defendant may be found in this District, regularly conducts business in this District, and a substantial part of the acts and omissions giving rise to Plaintiff's claims occurred in this District, including the unauthorized reproduction, display, distribution, and/or exploitation of Plaintiff's copyrighted work.

4

**FACTS COMMON TO ALL CLAIMS**

**A.      Plaintiff's Copyright Ownership**

25.      Plaintiff is a professional photographer by trade who is the legal and rightful owner of certain photographs which Plaintiff commercially licenses.

26.      Plaintiff has devoted substantial time, skill, effort, and expense to developing his photography business and creating a portfolio of original photographs.

27.      Plaintiff's photographs are valuable intellectual property assets that are commercially licensed to publishers, media outlets, websites, businesses, and other third parties for authorized use in both digital and print media.

28.      Plaintiff is the author and copyright owner of numerous original photographic works protected under the Copyright Act, including the photographs that are the subject of this action.

29.      Plaintiff maintains exclusive rights under the Copyright Act, including the rights to reproduce, distribute, license, publicly display, and otherwise exploit his copyrighted photographs.

30.      Plaintiff derives income from the licensing and authorized use of his copyrighted works and maintains exclusive rights in the works he creates pursuant to the Copyright Act.

31.      Plaintiff relies upon licensing revenue derived from the authorized use of his photographs and actively protects his copyrighted works against unauthorized reproduction, distribution, and display. Unauthorized use of Plaintiff's photographs deprives Plaintiff of licensing income, diminishes the value of his copyrighted works, and interferes with the market for authorized licenses.

32.      Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs while many others are the subject of pending copyright applications.

33.      Plaintiff regularly licenses his photographs to media outlets, brands, and commercial entities for a fee.

34.      Plaintiff's photographs are original, creative works in which Plaintiff owns

protectable copyright interests.

35.    On June 18, 2025, Plaintiff first published the Photograph. A copy of the Photograph is attached hereto as Exhibit 1.

36.    Plaintiff published the Photograph by commercially licensing it to a third-party media company for the purpose of display and/or public distribution.

37.    In creating the Photograph, Plaintiff personally selected the subject matter, timing, lighting, angle, perspective, depth, lens and camera equipment used to capture the image and made each and every artistic determination necessary for the creation of the work.

38.    On June 24, 2025, the Photograph was registered by the USCO under Registration No. VA 2-457-562.

39.    Plaintiff created the Photograph with the intention of it being used commercially and for the purpose of display and/or public distribution.

**B.    Defendant's Infringing Activity**

40.    Defendant is the registered owner of the Website and is responsible for its content.

41.    Defendant is the operator of the Website and is responsible for its content.

42.    The Website is a part of and used to advance Defendant's commercial enterprise.

43.    Upon information and belief, the Website is used to promote Defendant's research, polling, consulting, and analytics services and to generate commercial opportunities for Defendant's business.

44.    Upon information and belief, the Website forms part of Defendant's commercial enterprise and is used to attract potential customers, promote Defendant's services, increase public visibility, generate business opportunities, and enhance Defendant's brand recognition.

45.    Upon information and belief, Defendant is a sophisticated business operating in an industry in which the use of professional photography and copyrighted content is prevalent.

46.    Upon information and belief, Defendant knew or should have known that the Photograph was protected by copyright, including because the Photograph was of professional quality and distributed through commercial channels. Despite this, Defendant used the Photograph

6

without seeking permission or obtaining a license.

47.     Upon information and belief, the Photograph contained visible copyright management information, authorship information, a gutter credit, and/or a watermark identifying Plaintiff, which Defendant removed, omitted, obscured, altered, and/or failed to reproduce.

48.     Upon information and belief, Defendant's personnel have significant experience in copyright matters and are familiar with industry practices requiring that photographs used in commercial content, advertising, marketing materials, publications, and social-media posts be properly licensed.

49.     Upon information and belief, Defendant has not implemented adequate internal policies to verify copyright ownership before content use, indicating a gross negligence in legal compliance, which is essential for a company with Defendant's reach, capabilities, and level of sophistication.

50.     Upon information and belief, Defendant's internal policies, if any, are either not designed to verify copyright ownership before content use or are systematically ignored, indicating a willful, recurring disregard for copyright compliance.

51.     Defendant's failure to adopt or effectively enforce internal copyright policies, if any, indicates *de facto* willful infringement.

52.     On or about June 23, 2025, without permission or authorization from Plaintiff, Defendant willfully and volitionally reproduced and publicly displayed the Photograph on the Website as part of an on-line post at URL https://www.harrisx.com/posts/fix-the-city-final-pre-primary-poll-cuomo-maintains-comfortable-lead-over-mamdani#main-contact-form         (the "*Infringement*"). A copy of a screengrab depicting the Infringement is attached hereto as Exhibit 2.

53.     The Photograph was willfully and volitionally reproduced and stored by Defendant at         URL:         https://cdn.prod.website-files.com/642d10aa01f0e1eb5ac6cc3c/ 685980dab5300320f606af5e_AFTER%20HOURS%20(3)-p-1600.png.

54.     The Infringement is a copy or substantially similar copy of Plaintiff's Photograph,

including protectable elements such as composition, subject matter, timing, angle, lighting, perspective, and overall expressive content.

55.     Plaintiff first observed the Infringement and Defendant's violation of the DMCA on September 25, 2025.

56.     Upon information and belief, the Photograph was copied and displayed by Defendant without license or permission, thereby infringing on Plaintiff's copyrights in and to the Photograph.

57.     The Infringement includes a URL ("*Uniform Resource Locator*") that was accessible to the public and remained available for viewing for a non-transitory period of time.

58.     Upon information and belief, Defendant takes an active and pervasive role in the creation, selection, acquisition, licensing, editing, publication, posting, promotion, and display of content appearing on the Website, including Plaintiff's Photograph.

59.     Defendant exercised control over the content published on its Website and was responsible for selecting, uploading, and displaying the Photograph. Defendant used the Photograph in furtherance of its commercial interests and derived financial benefit from increased user engagement, brand promotion, and/or sales.

60.     Upon information and belief, Defendant directly contributes to and exercises control over the content published on the Website by, inter alia, utilizing employees, agents, contractors, administrators, editors, moderators, social media managers, and other representatives acting on its behalf (collectively, the "*Representatives*").

61.     Upon information and belief, Defendant vested its Representatives with actual and/or apparent authority to create, select, upload, publish, edit, modify, remove, monitor, and otherwise manage content appearing on the Website on Defendant's behalf.

62.     Upon information and belief, the Representatives acted within the course and scope of their agency, employment, contractual relationship, and/or other authorized relationship with Defendant when creating, selecting, uploading, publishing, displaying, promoting, and/or distributing the content containing Plaintiff's Photograph.

8

63.     Upon information and belief, Defendant authorized, directed, ratified, approved, and/or knowingly permitted the actions of its Representatives with respect to content appearing on the Website, including the content containing Plaintiff's Photograph.

64.     Upon information and belief, the Representatives actively reviewed, monitored, edited, managed, moderated, and otherwise exercised control over content appearing on the Website. As a result, Defendant had actual and/or constructive knowledge of the content published thereon, including the Infringement.

65.     Upon information and belief, Defendant maintained the right and ability to supervise, control, review, approve, modify, remove, and otherwise regulate content appearing on the Website and exercised such control through its Representatives acting within the course and scope of their authority.

66.     Upon information and belief, the Photograph was intentionally and willfully selected, published, displayed, and distributed by Defendant.

67.     Upon information and belief, Defendant is not entitled to the limitations on liability set forth in 17 U.S.C. §512 because the Infringement was selected, uploaded, approved, published, and/or distributed by Defendant and/or its Representatives acting within the scope of their authority.

68.     Upon information and belief, the Infringement was not posted at the direction of a "user" within the meaning of 17 U.S.C. §512(c), but instead were affirmatively selected and published by Defendant and/or its Representatives.

69.     Upon information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringement was apparent. Defendant cannot claim that it was not aware of the infringing activities, including the specific Infringement which forms the basis of this complaint, since such a claim would amount to only willful blindness to the Infringement on the part of Defendant.

70.     Upon information and belief, Defendant engaged in the Infringement knowingly and in violation of applicable United States copyright laws.

9

71.  Upon information and belief, the Photograph contained visible copyright management information, authorship information, and/or a copyright watermark, which Defendant removed, ignored, obscured, and/or failed to reproduce. Such facts support a finding that Defendant acted knowingly and willfully.

72.  Upon information and belief, Defendant exercised editorial, managerial, and operational control over the content appearing on the Website.

73.  Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Website and exercised and/or had the right and ability to exercise such right.

74.  Upon information and belief, Defendant monitors the content on its Website.

75.  Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringement.

76.  Upon information and belief, the Infringement increased traffic to the Website and, in turn, caused Defendant to realize an increase in its advertising revenues and/or merchandise sales.

77.  Upon information and belief, the Infringement increased traffic to the Website and enhanced Defendant's visibility, marketing efforts, customer engagement, and promotion of its polling, research, and consulting services.

78.  Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

79.  Defendant's use of the Photograph harmed the actual market for the Photograph.

80.  Defendant's use of the Photograph, if widespread, would harm Plaintiff's potential market for the Photograph.

81.  Defendant's unauthorized use usurps the market for licensed uses of the Photograph and undermines Plaintiff's ability to license his work to other commercial entities.

82.  On or about October 6, 2025, Plaintiff, through counsel, notified Defendant of the infringing activity described herein and demanded that Defendant cease and desist from its

10

unauthorized use of Plaintiff's copyrighted work and compensate Plaintiff for its unauthorized use thereof.

83.     Thereafter, on or about November 5, 2025, Plaintiff, through counsel, sent a follow-up communication seeking to resolve the dispute without litigation and affording Defendant an additional opportunity to address Plaintiff's claims.

84.     Despite receiving notice of Plaintiff's claims and being afforded multiple opportunities to resolve the matter amicably, Defendant failed and/or refused to adequately address Plaintiff's claims, thereby necessitating the commencement of this action.

85.     Upon information and belief, Defendant continued to reproduce, display, distribute, and/or otherwise exploit one or more of Plaintiff's copyrighted works after receiving notice of Plaintiff's claims. Such post-notice conduct evidences Defendant's knowledge of Plaintiff's rights and supports a finding that Defendant's infringement was knowing, intentional, and willful.

86.     As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## FIRST CAUSE OF ACTION
### (Direct Copyright Infringement, 17 U.S.C. §501 et seq.)

87.     Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

88.     The Photograph is an original, creative work in which Plaintiff owns a valid copyright.

89.     The Photograph is properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

90.     Plaintiff has not granted Defendant a license or the right to use the Photograph in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendant.

91.     Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating

one of Plaintiff's exclusive rights in its copyrights.

92.     Defendant's reproduction of the Photograph and display of the Photograph constitutes willful copyright infringement.

93.     Upon information and belief, Defendant willfully infringed upon Plaintiff's copyrighted Photograph in violation of Title 17 of the U.S. Code, in that Defendant used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Photograph without Plaintiff's consent or authority.

94.     As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each copyrighted work infringed pursuant to 17 U.S.C. § 504(c).

95.     As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

96.     As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of Plaintiff's copyright pursuant to 17 U.S.C. § 502.

## SECOND CAUSE OF ACTION
### *(Removal and/or Alteration of Copyright Management Information 17 U.S.C. § 1202(b))*

97.     Plaintiff repeats and incorporates, as though fully set forth herein, each and every allegation contained in the preceding paragraphs, as though set forth in full herein.

98.     The Photograph, as originally published and distributed by Plaintiff and/or Plaintiff's authorized licensing agents at https://nypost.com/2025/06/18/us-news/andrew-cuomos-comfortable-lead-over-zohran-mamdani-cut-in-half-in-home-stretch-before-dem-mayoral-primary-poll/ contained a gutter credit attributing Plaintiff as the author of the work. Such a credit

qualifies as copyright management information ("CMI") under section 1202(c) of the DMCA, 17 U.S.C. §1202(c). A copy of a screenshot of the Original Source page is attached hereto as Exhibit 3.

99.    Defendant distributed the Infringement without Plaintiff's CMI, as there was no credit provided to Plaintiff upon Defendant's display of the Photograph.

100.    Upon information and belief, Defendant's distribution of the Infringement containing the Photograph was undertaken with actual knowledge that Plaintiff's CMI had been removed, altered, omitted, and/or not reproduced without Plaintiff's authorization.

101.    Upon information and belief, Defendant knowingly removed, altered, omitted, and/or failed to reproduce Plaintiff's copyright management information and knew, or had reasonable grounds to know, that such conduct would induce, enable, facilitate, and/or conceal the infringement of Plaintiff's copyrighted work alleged herein.

102.    Upon information and belief, Defendant removed, altered, stripped, and/or failed to reproduce metadata associated with the Photograph, including metadata identifying Plaintiff as the author and copyright owner.

103.    Defendant's conduct violates 17 U.S.C. § 1202(b).

104.    Plaintiff has sustained substantial injury and monetary damages as a result of Defendant's wrongful acts as herein alleged, and as a result of being involuntarily associated with Defendant, in an amount to be proven at trial.

105.    As a result of Defendant's violations of the DMCA, pursuant to 17 U.S.C. § 1203(c)(2), Plaintiff is entitled to an award of the actual damages suffered as a result of the violation including any profits of the Defendant attributable to the violation or, alternatively, Plaintiff may elect to recover from Defendant statutory damages pursuant to 17 U.S.C. § 1203(c)(3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202(b).

106.    As a result of the Defendant's violations of the DMCA, the court in its discretion may allow the recovery of reasonable attorney's fees and full costs pursuant to 17 U.S.C. § 1203(b)(4) and (5) from Defendant.

## JURY DEMAND

107.    Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests that the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Photograph in violation of 17 U.S.C. §501 *et seq.* and has violated the DMCA under 17 U.S.C. §1202(b) and therefore award damages and monetary relief as follows:

a.    finding that Defendant infringed Plaintiff's copyright interest in and to the Photograph by copying, reproducing, distributing, publishing, and publicly displaying it without a license or consent;

b.    for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each copyrighted work infringed pursuant to 17 U.S.C. § 504(c), whichever is larger;

c.    finding that Defendant violated section 1202(b) of the DMCA; 17 U.S.C. § 1202(b);

d.    for an award of actual damages or, in the alternative, statutory damages against Defendant in an amount up to $25,000.00 for each violation of the DMCA pursuant to 17 U.S.C. § 1203(c);

e.    for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

f.    for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505 and/or 17 U.S.C. §1203(b)(4) and (5);

g.    for pre-judgment interest as permitted by law; and

h.    for any other relief the Court deems just and proper.

DATED: July 9, 2026

<div style="margin-left:45%">

**SANDERS LAW GROUP**

By: ___/s/ Craig Sanders___
Craig Sanders, Esq.
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 132394

*Attorneys for Plaintiff*

</div>